ORIGINAL

FILED
JUN 21 2005
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM F. and THERESE HARTMAN, | § | |
| Plaintiffs, | § | 05-675T |
| v. | § | CIVIL NO. ________ |
| UNITED STATES OF AMERICA | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

1. Plaintiffs William F. and Therese Hartman are citizens of the United States of America whose address is 35 Battle Ridge Place, Atlanta, GA 30342.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, and 6230 of the Internal Revenue Code (26 U.S.C.) and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28 (U.S.C.), Sections 1346(a)(1) and 1491(a).

**COUNT ONE**
(Calendar year 2000)

5. On or about 8/15/01, Plaintiffs timely filed pursuant to extension a joint federal income tax return on From 1040 (U.S. Individual Income Tax Return) with the Internal Revenue Service ("IRS") for the calendar year 2000 and paid the taxes reported due thereon. Plaintiffs' taxpayer identification numbers as reflected on that tax return are XXX-XX-1533 and XXX-XX-6214.

6. From 4/16/90 through the 2000 year in question, Mr. Hartman was a partner in the consulting division of Ernst & Young ("E&Y"), one of the so-called "Big Four" accounting firms.

7. In the year 2000, as a result of pressure from the SEC to maintain independence in the audits of publicly traded companies, E&Y spun off and sold its consulting business to a publicly traded French corporation, Cap Gemini, S.A. ("Cap Gemini").

8. Under the terms of the arrangement between E&Y and Cap Gemini, the consulting partners of E&Y were to receive stock in Cap Gemini over a five-year period, but only if they remained in the employ of Cap Gemini, with a certain percentage of stock to be released each year, and until released, the stock was retained in a restricted account over which only Cap Gemini had access.

9. In their original joint federal income tax return for the calendar year 2000, plaintiffs erroneously reported into income all of the Cap Gemini stock to be received, using the market value of the stock in that year, even though under the terms of the sale agreements Mr. Hartman only had rights to and received 25% of the stock in that year.

10. On or about 12/15/03, and receipt-stamped by the IRS on 12/17/03, plaintiffs filed with the IRS a claim for refund for the year 2000 on Form 1040X (Amended U.S. Individual Income Tax Return), which corrected the reporting by including in income the value of only that portion of the stock received by and released to Mr. Hartman in that year, and claiming a refund of tax in the amount of $1,298,134.00.

11. Over six (6) months have elapsed since petitioners filed their 2000 claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, or in any judicial proceeding, including any in the Tax Court of the United States.

12. Plaintiffs are the sole owners of the claim asserted herein against the Defendant and have made no assignment of said claim.

WHEREFORE, Plaintiffs pray for judgment against the Defendant in the amount of $1,298,134.00 plus assessed and statutory interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted,

Kenneth R. Boiarsky
Texas State Bar No. 02565300
Kenneth R. Boiarsky, P.C.
174 Los Alamitos Lane, HCR 74-22126
El Prado, NM 87529
Tel: (505) 737-5940
Fax: (505) 737-5942
ATTORNEY FOR PLAINTIFFS