IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-675 T

(Judge Braden)

WILLIAM F. AND THERESE HARTMAN,

Plaintiffs

v.

UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC Appendix A, paragraph 4, the parties submit the following Joint Preliminary Status Report.

A. Jurisdiction. At the present time, the parties have not identified any problems with this Court's jurisdiction over the issues in the complaint in the above-captioned case.

B. Consolidation or transfer. The parties are unaware at the present time of any basis for consolidation or transfer of this case.

C. Bifurcation of trial. The parties believe that the trial of this case should not be bifurcated, and that the evidence concerning both liability and damages should be presented at one trial. The parties also believe, however, that the matter of the amount of any "damages" to which plaintiffs may be found to be entitled (*i.e.*, the computation of any overpayment) should be resolved after the "liability" issues (see

section (h), *infra*) have been decided, and that the parties' pretrial submissions (and initial post-trial submissions, if any) should therefore not address computational matters. The parties will exchange information related to damages in discovery and work to determine whether the quantum of any damages to which plaintiffs would be entitled can be determined by stipulation. However, after the Court has resolved the liability issues, and if the parties are unable to agree on the computation, then the parties will propose procedures whereby the Court can resolve computational issues on the basis of the evidence previously submitted at trial.

D. Deferral. The parties know of no reason at this time for deferral of proceedings pending consideration of another case before this court of any other tribunal.

E. Remand or suspension.

DEFENDANT'S POSITION

The defendant does not believe that this case, involving the plaintiffs' 2000 tax year, should be suspended pending settlement negotiations between the plaintiffs and the IRS regarding their 2001 and 2002 tax years. Any agreement the plaintiffs might reach with the IRS to settle their 2001 and 2002 tax years would not control resolution of the tax year at issue in this case and would not necessarily reduce either the scope of proceedings in this Court or the time or expense to be incurred by the parties in prosecuting this action. Therefore, the defendant submits that suspension of this case pending the outcome of the plaintiffs' settlement negotiations with the IRS would unduly delay resolution of this matter. The defendant also disputes the plaintiffs' characterization of the IRS position and actions set forth below.

PLAINTIFFS' POSITION

(1) Plaintiffs' attorney of record in this case also represents approximately 55 (out of 125+) other taxpayers involving substantially identical issues, whose cases are in various administrative and litigation postures.

(2) The Houston Appeals Office of the Internal Revenue Service ("Houston Appeals") has been delegated to handle all IRS Appeals consideration nationally for similarly-situated taxpayers.

(3) The IRS position on these cases is that the income from the transaction in question is properly to be reported in 2000, and also, duplicatively, is properly to be reported in 2001 2002 and subsequent years (i.e., a "whipsaw" position).

(4). In the instant action:

(a) The plaintiffs filed their 2000 tax return (Form 1040) reporting in that year all of the income from the transaction in question. The plaintiffs later filed an amended return (Form 1040X) for 2000, claiming a refund for that year on the grounds that 75% of the income reported in 2000 should not have been reported in that year.

(b) At the same time, as the 2000 claim for refund, and in fact under the same explanatory cover letter, the plaintiffs submitted contingent (i.e. contingent upon the granting of the 2000 claim for refund) amended tax returns (Forms 1040X) for 2001 and 2002 to voluntarily report, under our self-assessment system, the transactional results in what they believed were the proper years.

(c) The IRS, without determining what the correct year of reporting should be, instead decided not to make a decision by taking a whipsaw position of disallowing the 2000 claim for

refund and at the same time asserting, assessing, and seeking enforced collection (including the filing of tax liens) against plaintiffs of the duplicate taxability in subsequent years.

(5) Recognizing the right of the IRS to take a whipsaw position, plaintiffs strongly object to the assessment and enforced collection of this duplicate tax, particularly because the assessments have been made ignoring the contingent nature of the later-years' amended returns (i.e., they were only to be subject to assessment if the claim for refund for the initial year of reporting were to be allowed) and instead treating them as filed returns. The practical result of making assessments in this way is to flatly deny the plaintiffs any opportunity to contest the assessments prior to their imposition, and to inflict overwhelming, and unnecessary, hardship. To date, the IRS has refused to remove these duplicative assessments.

(6) The undersigned counsel for the plaintiffs is actively involved in settlement discussions with Houston Appeals that hopefully will result in a settlement that can be made available to a majority of similarly-situated taxpayers. Recognizing that the instant action would not necessarily be controlled by the settlement of the cases of similarly-situated taxpayers in Houston Appeals, the fact is that any settlement of plaintiffs' 2001 and 2002 years, which are presently pending before the IRS and which involve the duplicative taxation of the same income herein question as a result of the IRS whipsaw position, would necessarily bear upon the necessity for and the breadth of further proceedings before this Court. Allowance of the relatively short suspension of 180 days sought by the plaintiffs could be of considerable benefit in articulating the IRS position for settlement and non-settlement purposes, and could eliminate the wholly unnecessary incurrence of substantial litigation costs on both sides and the avoidance of unnecessary proceedings before this court (these considerations are believed to be particularly

pertinent in view of the considerable emotional and financial hardship that plaintiffs have been forced to bear thus far) through the subsequent submission of parallel Offers in Compromise in the instant action as well as in a number of other cases presently pending in other federal district court and Tax Court proceedings. In addition, such a suspension could also result in expedition of any necessary proceedings ultimately in the instant action.

F. Additional parties. The parties are unaware of any additional parties to be joined.

G. Dispositive motions. At the present time, the parties do not anticipate filing any dispositive motions. However, once discovery is completed, the parties will be in a better position to determine whether this case can be disposed of by means of summary judgment.

H. Issues. The issue in a tax refund case is whether the plaintiffs can establish an overpayment of taxes with respect to the taxable periods before the court. *See Lewis v. Reynolds*, 284 U.S. 281 (1932); *Dysart v. United States*, 169 Ct. Cl. 276, 340 F. 2d 624 (1965). More specifically the issues involved in this case are the following:

> To what extent the plaintiffs were required, pursuant to 26 U.S.C. § 1001, to recognize capital gain in 2000 on the sale of William Hartman's partnership interest in Ernst & Young to Cap Gemini in that year.

I. Settlement. At the present time the parties are unable to determine whether this case can be settled. However, see the plaintiffs' position regarding suspension, and the defendant's position on that issue, in ¶ E above. In the event no suspension if granted, or, if a suspension is granted and no settlement is thereby achieved, the parties submit that additional information may have to be obtained in discovery before any determination on settlement can be made. The parties propose that they will complete any settlement discussions on or before the date set forth

for the completion of discovery, and, on or before that date, the parties will submit to the Court a status report concerning the status of possible settlement.

J. Trial. At the present time the parties have not determined whether a trial will be necessary. The parties propose that on or before the date set forth for the completion of discovery they will submit to the Court a status report concerning the further proceedings required to resolve this case.

K. Special issues regarding electronic case management needs. The parties are unaware of any issues regarding electronic case management needs at this time.

L. Other information. The parties are unaware of any other matters of which this Court should be advised at this time.

PROPOSED DISCOVERY PLAN. Pursuant to RCFC Appendix ¶ 5, the parties submit the following Discovery Plan:

a. That on or before 180 days from the date of the Court's Order establishing the discovery period, the parties will exchange any expert witness information required by RCFC 26(a)(2).

b. That discovery in the above-captioned case be completed within 240 days from the date of the Court's Order establishing the discovery period.

c. That on or before the date set by the Court for completion of discovery, the parties submit to the Court a Joint Status Report discussing the status of settlement and the necessity of further proceedings.

Respectfully submitted,

11/15/06
DATE

s/ Kenneth R. Boiarsky

KENNETH R. BOIARSKY
174 Los Alamitos Lane
HCR 74-22126

El Prado, New Mexico 87529-9540
(505) 737-5940

Counsel for Plaintiffs

11/15/06
DATE

s/ Benjamin C. King, Jr.
BENJAMIN C. KING, JR.
Attorney of Record
Justice Department (Tax)
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6506

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

11/15/05
DATE

s/ David Gustafson
Of Counsel

Counsel for Defendant